UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENZA RIVAS BRICENO,

Petitioner,

v. Case No. 3:26-cv-2591-MMH-SJH

FREDERICK "RICK" STALY, et al.,

Respondents.

---

**ORDER**

Petitioner Enza Rivas Briceno, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on September 25, 2026. Briceno argues, inter alia, that her detention violates the Immigration and Nationality Act (INA) because she is not subject to mandatory detention under 8 U.S.C. § 1225 (Count One). See id. at 27–52. As relief, she asks the Court to direct Respondents to release her or alternatively, provide her with an individualized bond hearing. Id. at 55.[1]

At Briceno's request, on September 30, 2026, the Court entered a Temporary Restraining Order (Doc. 5) enjoining Respondents from removing

[1] The Court is satisfied it has jurisdiction over Briceno's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026).

Briceno from the Middle District of Florida up to and including October 14, 2026. On October 5, 2026, the Federal Respondents filed a Response in Opposition to the Petition (Doc. 7). Briceno filed a counseled Reply on October 7, 2026 (Doc. 8).

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Briceno, who was paroled into the United States and re-detained years later, its reasoning also applies to this case. Briceno was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA).

Accordingly, it is **ORDERED**:

1. Briceno's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[2] Within **seven days** of this Order, Respondents

[2] Because the Court finds that Briceno is entitled to relief on Count One, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

shall either afford Briceno an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[3] or release her. If Respondents release Briceno, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. Briceno's request for a preliminary injunction (Doc. 3) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 10/8
c:
Counsel of Record

---

[3] Briceno is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).